**In re Grand Jury Investigation of BRANIFF AIRWAYS, INC. and Texas International Airlines, Inc.**
**Crim. A. No. SA74CR135.**

United States District Court,
W. D. Texas,
San Antonio Division.

March 6, 1975.

---

John E. Clark, Hugh P. Shovlin, W. Ray Jahn, San Antonio, Tex., for United States Government.

Melvin Garbow, Peter T. Grossi, Jr., Washington, D. C., W. B. West, III, Dallas, Tex., B. J. Bradshaw, Houston, Tex., for movant.

## MEMORANDUM OPINION

SPEARS, Chief Judge.

Braniff Airways, Inc. and Texas International Airlines, Inc., have been the subjects of a lengthy investigation regarding alleged violations of the federal antitrust laws by the September 1972 Grand Jury. This investigation began on or about September 19, 1972 with the issuance of subpoenas duces tecum to a number of air carriers certified by the Civil Aeronautics Board, including Braniff and Texas International. Since the initiation of this investigation, the United States has subpoenaed thousands of documents and numerous witnesses. The movants herein, Thomas R. McCauley, as Regional Vice President of Braniff, and Robert L. Sicard, formerly an Executive with Texas International, were among the witnesses who have already testified before the grand jury in this investigation. Mr. McCauley had previously so testified on June 21–22, 1973, and on September 26, 1973; whereas Mr. Sicard had given such testimony on April 4, 1973, and on January 16–17, 1974. Both witnesses have again been subpoenaed to testify on February 12–13, 1975 before the current grand jury regarding the same transactions about which they had already testified, and they have requested access to the transcripts of their previous testimony, prior to the time they are scheduled to appear before the grand jury. In support of their motions, the witnesses contend that they need the requested transcripts in order to adequately prepare for their appearances before the grand jury; to refresh their recollections concerning the events about which they have previously testified; and to reduce the possibility of inadvertent misstatements which might subject them to the risk of subsequent perjury and/or contempt charges.

The government opposes furnishing the witnesses with the requested transcripts, contending that their disclosure is not necessary since the investigation was focused upon the two corporate entities, rather than upon the two witnesses individually. Additionally, the government contends that Messrs. McCauley and Sicard have available to them their own debriefing memoranda made after their previous grand jury appearances, as well as the debriefing recollections of the other witnesses from their respective companies who had also testified before the same grand jury. Finally, the government contends that the disclosure of the requested documents could detrimentally affect the investigation on the grounds that the witnesses might "program" their present testimony within the limits of their previous answers.

■■ The guidelines for the disclosure of grand jury proceedings are governed by Rule 6(e), Fed.R.Crim.P.,[1] which provides that grand jury transcripts may be revealed, at the discretion of the court, "preliminarily to or in connection with a judicial proceeding." See also Pittsburg Plate Glass Co. v. United States, 360 U.S. 395, 396, 79 S. Ct. 1237, 3 L.Ed.2d 1323 (1959). It is, of course, well settled that a grand jury hearing is a "judicial proceeding" within the scope of Rule 6(e), In re Grand Jury Witness Subpoenas, 370 F.Supp. 1282, 1284 (S.D.Fla.1974), and that jurisdiction of a grand jury is co-extensive with the jurisdiction of the Court of which it is an appendage. In re May 1972 San Antonio Grand Jury, 366 F. Supp. 522, 530 (W.D.Tex.1973).

■ Although the secrecy surrounding a grand jury is a long established policy grounded on the theory that publicity of its proceedings would inevitably detract from its efficacy, Costello v. United States, 350 U.S. 359, 362, 76 S. Ct. 406, 100 L.Ed. 397 (1956), grand jury testimony may be produced in instances of "particularized need where the secrecy of the proceedings is lifted discretely and limitedly", United States v. Procter & Gamble Co., 356 U.S. 677, 683, 78 S.Ct. 983, 987, 2 L.Ed.2d 1077 (1958), and where it is required in the interests of justice. United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 234, 60 S.Ct. 811, 84 L.Ed. 1129 (1940).

■ This Court is satisfied that the movants have met the burden of showing that "a particularized need", which outweighs the policy of secrecy, exists for allowing them access to their prior testimony. Pittsburgh Plate Glass Co. v. United States, *supra*, 360 U.S. 395, 400, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (1958). Each of them has been subpoenaed to testify for the third time, many months after their last appearances before the grand jury, and it is reasonable to assume that repetitive questioning of them on a broad range of complex transactions will be a virtual certainty.

Since the testimony of each witness was given several times over a period of months, and it has been more than nineteen months since the first of them was called before the grand jury, it is understandable why each could be apprehensive that he may have inadvertently made statements that were incorrect, or

---

1. (e) Secrecy of Proceedings and Disclosure. Disclosure of matters occurring before the grand jury other than its deliberations and the vote of any juror may be made to the attorneys for the government for use in the performance of their duties. Otherwise a juror, attorney, interpreter, stenographer, operator of a recording device, or any typist who transcribes recorded testimony may disclose matters occurring before the grand jury only when so directed by the court preliminarily to or in connection with a judicial proceeding or when permitted by the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury. No obligation of secrecy may be imposed upon any person except in accordance with this rule. The court may direct that an indictment shall be kept secret until the defendant is in custody or has given bail, and in that event the clerk shall seal the indictment and no person shall disclose the finding of the indictment except when necessary for the issuance and execution of a warrant or summons.

at variance with what he may have said at a different time, or in response to questions not fully understood by him at the time. Certainly, if either witness had been inclined to commit perjury this would have been revealed as a result of the extensive questioning to which he has already been subjected. At this stage of the proceedings the grand jury is probably more interested in the truth than in anything else, and a witness who has already been exhaustively examined will be better able to furnish the facts if he has been afforded an opportunity to refresh his memory concerning matters previously explored with him, especially when, as in this case, he is called upon to testify concerning events that took place from four to eight years previously.

Even if, as suggested by the government, the witnesses are extended immunity from prosecution, thereby eliminating the risk of perjury, the search for the truth by the grand jury will be better served if the witnesses are prepared to give meaningful and accurate testimony. In this connection, there has been no suggestion that either witness has been in contempt of, or has committed perjury before, the grand jury.

Under the peculiar circumstances of this case, this Court believes that fundamental fairness, as well as the administration of justice, require that each of the witnesses, McCauly and Sicard, be allowed a reasonable opportunity to review the transcript of his own testimony prior to his appearance before the grand jury, but that, in order to eliminate the possibility of a conflict of interest no attorney for the witness or the government should be permitted to remain in the room where the review is taking place.

For the foregoing reasons this Court finds that the movants are entitled to the production of the transcripts of their previous grand jury testimony in order to adequately prepare for their forthcoming grand jury appearances. It is, therefore,

Ordered, adjudged, and decreed that true copies of the transcripts of the Grand Jury testimony of witnesses Thomas R. McCauley and Robert L. Sicard, previously given before the September 1972 Grand Jury at San Antonio shall be made available to the said witnesses under the following conditions:

Each witness may review the transcripts of his own testimony in a room set aside for this purpose in the office of the United States Attorney in San Antonio, Texas during regular business hours, on Monday, February 10, 1975 and/or Tuesday, February 11, 1975. No attorney for the witness or the government shall be permitted to remain in the room while the review is taking place, and no notes shall be taken by the witness. While the witness may not confer with his attorney during the time the review of his transcripts is taking place, nothing herein shall be construed as any prohibition against him conferring with his attorney either before he begins his review of the transcripts, or after he has finished such review.