In re GRAND JURY PROCEEDINGS, to Edwin J. Gale, Special Attorney U. S. Department of Justice.

Misc. No. 78–005.

United States District Court, D. Rhode Island.

Feb. 3, 1978.

Edwin J. Gale, Sp. Atty., U. S. Dept. of Justice, Providence, R. I.

---

## ORDER

PETTINE, Chief Judge.

█ Upon careful review of Rule 6(e), as amended, the accompanying legislative history, your memorandum and draft order, I conclude that I cannot order disclosure of grand jury material at this time with respect to the Attorney General of the State of Rhode Island nor Detective Richard A. Wheeler of the Rhode Island State Police, pursuant to Rule 6(e)(2)(C)(i). Congress specifically required that, before a court order can properly issue, a "compelling", "particularized need" for the grand jury material in connection with a judicial proceeding must be established. Sen.Rep. No. 95–354, 95th Cong. 1st Sess. at 8 n.13, 95 U.S.Code Cong. & Admin.News 1977, p. 1482 n.13 (1977), citing *United States v. Proctor & Gamble*, 356 U.S. 677, 683–684, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958). Not only has Congress retained that standard for Rule 6(e) but no decision by the Supreme Court to date casts doubt on its vitality. We cannot agree that the Court in a decision without opinion in *Smith v. United States*, 423 U.S. 1303, 96 S.Ct. 2, 46 L.Ed.2d 9, *vacated*, 423 U.S. 810, 96 S.Ct. 21, 46 L.Ed.2d 30 (1975) to vacate Justice Douglas' stay of disclosure of grand jury deliberations intended to abandon the compelling need requirement. Certainly such a drastic alteration in the guarantee of grand jury

secrecy would have been heralded by a thoughtful opinion. Nor can the Court's vacation be interpreted to mean that simple convenience for the state prosecutor will satisfy the test. Assuming that disclosure to the state prosecutor is ever available, without a showing of compelling need, I cannot authorize wholesale disclosure of grand jury deliberations to the Attorney General of the State nor to Detective Wheeler with respect to any civil or criminal violations. I find nothing in the materials submitted that would establish such a need.

■ I also do not find that pursuant to Rule 6(e)(2)(C)(i), I can order disclosure to Detective Wheeler to assist in the investigation of the federal crimes. I am sympathetic to your manpower difficulties and to the invaluable familiarity Detective Wheeler has acquired during his two months of investigation. However, Rule 6(e)(2)(C)(i) is not designed nor has it been used in the past as a source of authority for a court to order disclosure to assist with the present grand jury proceedings. Typically, the court authorizes disclosure relevant to federal civil proceedings, not in the grand jury proceeding itself. This Court has stated that the grand jury proceeding is a "judicial proceeding" within the meaning of Rule 6(e), *In re Minkoff*, 349 F.Supp. 154, 156 (D.R.I. 1972). However, in *Minkoff*, I conditioned disclosure of a witness' testimony to the witness herself upon the close of the grand jury session. In addition, unlike *Minkoff*, the objectives of grand jury secrecy—to encourage witnesses to come forward, preserve the grand jury's independence, prevent misuse of the federal grand jury's power to enforce laws other than federal criminal statutes, protection of those under investigation are all potentially undermined by disclosure to the state agent. Moreover, Rule 6(e)(1) appears to impose an obligation of secrecy only upon those who are listed in Rule 6(e)(1), (2)(A)(i) and (ii), not upon those who receive the information by court order. Indeed, disclosure in open court is apparently contemplated by Rule 6(e)(2)(C)(i). *See United States v. Proctor & Gamble*, 356 U.S. at 683, 78 S.Ct. 983 (to

impeach witness, for example). Thus, Rule 6(e)(2)(C)(i) cannot be fairly interpreted as authority for this Court to authorize disclosure to assist the investigation of the present grand jury proceedings.

■ Disclosure without judicial approval to "other government personnel" is permitted under the amended version of Rule 6(e)(2)(A)(ii). That would appear to include Robert Ryan, Attorney with the Securities and Exchange Commission. *See United States v. Evans*, 526 F.2d 701, 707 (5th Cir. 1976). However, disclosure can only be made to assist the enforcement of federal criminal law. Such disclosures cannot be used by Mr. Ryan for the purposes of enforcement of federal civil law absent court authorization under Rule 6(e)(2)(C)(i). *See In re Grand Jury Investigation*, 414 F.Supp. 74 (S.D.N.Y.1976).

■ I do not find that Detective Wheeler is within the "government personnel" disclosure provision. The legislative history repeatedly discusses only "Federal agents". S.Rep. *supra*, at 6, 95 U.S.Code Cong. & Admin. at 1480. The provision permitting disclosure to "attorneys for the government" explicitly excludes state attorneys. *In re Special February 1971 Grand Jury v. Conlisk*, 490 F.2d 894, 896 (7th Cir. 1973). Likewise, this provision is limited to federal personnel to enforce *federal* criminal law. Without more explicit direction, I doubt that Congress intended to expand disclosure of grand jury testimony to personnel, however trustworthy and helpful, outside the federal family.