### In re 1979 GRAND JURY PROCEEDINGS.

#### No. 79 C 2027.

United States District Court, E. D. New York.

Aug. 16, 1979.*

---

* On October 24, 1979, the United States Court of Appeals, in unpublished orders, denied petition for writ of mandamus and denied petition for review of an intermediate order under 28 U.S.C. § 1292(b).

Kostelanetz & Ritholz, New York City, for intervenor.

Edward R. Korman, U. S. Atty., E. D. New York, Brooklyn, N. Y., Ronald G. Russo, Asst. U. S. Atty., Brooklyn, N. Y., of counsel.

*Memorandum of Decision and Order*

MISHLER, Chief Judge.

The company challenges the validity of an order of this court dated July 13, 1979, made pursuant to Rule 6(e), Fed.R.Crim.P., authorizing the United States Attorney to disclose "testimony and exhibits which have been or will be presented" to a grand jury empanelled on June 6, 1979, to certain named officials and investigators of an agency of a municipal government.[1] The grand jury was empanelled, based on information supplied to the United States Attorney for the Eastern District of New York by that agency, to investigate charges that the Company bribed municipal employees in connection with a contract entered into by the Company and the municipality.[2]

On July 5, 1979, a grand jury subpoena *duces tecum* was served on the Company requiring production (among other classes of documents) of all bank records relating to the Contract, and all expense vouchers and travel records of eleven named employees of the Company.[3]

The court heard argument on that portion of the Company's omnibus motion seeking reconsideration or modification of the amended order of this court, or alternatively, entry of an order protecting the Company's rights in the civil suit.

The government's affidavit in support of the order dated July 13, 1979, states:

The sole purpose for which access to the grand jury testimony and exhibits is sought is to enable the named individuals to assist the United States Attorney in the investigation of this matter. It is respectfully submitted that this assistance is indispensable to an effective grand jury presentation.

At argument, the United States Attorney explained that the expertise of the municipal agency in guiding the grand jury investigation through complex bidding and contracting procedures employed by the municipality was vital and if the United States Attorney were denied the right to discuss evidence submitted to the grand jury with

---

1. The order was amended on August 7, 1979. The amendment does not relate to the issues before us.

2. The municipality commenced an action against the Company and another corporation in June, 1979, claiming substantial damages. The action is pending in the United States District Court for the Southern District of New York.

3. In its original motion papers, the Company moved to quash the subpoena. However, at oral argument, the Company informed the court that it was withdrawing this aspect of its motion (Tr. at 4).

the named individuals in the municipal agency, the grand jury's inquiry would be seriously hampered.

It is the government's position that this limited disclosure is authorized by section (2)(C)(i) of Rule 6(e) which permits disclosure otherwise prohibited by the rule "when so directed by a court preliminarily to or in connection with a judicial proceeding." The government disavows reliance upon section (e)(2)(A) which authorizes disclosure when made to "an attorney for the government for use in the performance of such attorney's duty" (subd. (i)) or to "such government personnel as are deemed necessary by an attorney for the government to assist an attorney for the government in the performance of such attorney's duty to enforce Federal criminal law" (subd. (ii)).

The Company contends that none of these provisions authorize disclosure of grand jury material to municipal investigators for the purpose of aiding the grand jury in its deliberations.

*DISCUSSION*

In *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 99 S.Ct. 1667, 1672–73, 60 L.Ed.2d 156 (1979), the Court stated:

We consistently have recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings. In particular, we have noted several distinct interests served by safeguarding the confidentiality of grand jury proceedings. First, if preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements. There also would be the risk that those about to be indicted would flee, or would try to influence individual grand jurors to vote against indictment. Finally, by preserving the secrecy of the proceedings,

we assure that persons who are accused but found innocent by the grand jury will not be held up to public ridicule.[4]

Rule 6(e) Fed.R.Crim.P. codifies this rule of grand jury secrecy which "was imported into our federal common law and is an integral part of our criminal justice system." *Id.* 99 S.Ct. at 1672 n. 9. It provides, as a general rule, that matters occurring before the grand jury shall not be disclosed. As indicated above, the government eschewing reliance upon section (e)(2)(A) argues that disclosure is authorized by section (e)(2)(C)(i).

██ Notwithstanding the government's position with respect to section (e)(2)(A) it is our view that this provision may, indeed, contain authorization for disclosure in the instant case. Of course, it is well established that the phrase "an attorney for the government" as used in section (e)(2)(A)(i) authorizing disclosure to "an attorney for the government for use in the performance of such attorney's duty" refers only to attorneys for the federal government and does not include attorneys for state and local governments. *See Special February 1971 Grand Jury v. Conlisk*, 490 F.2d 894, 896 (7th Cir. 1973); *In re Grand Jury Proceedings*, 309 F.2d 440, 443 (3d Cir. 1962). This view would seem to be required by the very language of section (e)(2)(A)(ii) which refers to "such attorney's duty to enforce *Federal* criminal law." (Emphasis added)

██ However, it is by no means equally well established that the phrase "government personnel" as used in section (e)(2)(A)(ii) authorizing disclosure to "such government personnel as are deemed necessary by an attorney for the government to assist an attorney for the government in the performance of such attorney's duty to enforce Federal criminal law" is so narrowly circumscribed. The legislative history of the provision indicates that Congress contemplated that the "government personnel" who would, in most instances, assist federal attorneys in the enforcement of federal criminal law would be federal employees

---

4. *See United States v. Proctor & Gamble*, 356 U.S. 677, 681 n. 6, 78 S.Ct. 983, 986 n. 6, 2 L.Ed.2d 1077 *quoting United States v. Rose*, 215 F.2d 617, 628–629 (3d Cir. 1954), for a similar statement of the reasons for grand jury secrecy.

such as FBI, IRS or Treasury agents. However, we find no support in the legislative history for the view that Congress intended to exclude state or local government personnel from serving in a similar capacity. *See* Sen.Rep.No.95–354, 95th Cong., 1st Sess. 2, *reprinted in* [1977] U.S.Code Cong. & Admin.News pp. 527–532.

Such a distinction between sections (e)(2)(A)(i) and (e)(2)(A)(ii) is, we believe, well founded. Restricting disclosure of grand jury matters to *federal* attorneys enforcing *federal* criminal law assures that wholesale disclosure is not made to countless state and local authorities. However, having so limited disclosure we see no logic in drawing an artificial distinction between federal and other government personnel assisting in the very same investigation. Common sense indicates that no purpose would be served by such a rule. This is especially evident in view of the fact that grand jury material *may* be turned over to state or local authorities in connection with state or local judicial proceedings including grand jury investigations. *See* Rule 6(e)(2)(C)(i).

Therefore, this court is of the opinion that the phrase "government personnel" in section (e)(2)(A)(ii) is not confined to federal employees. *Contra In re Grand Jury Proceedings*, 445 F.Supp. 349, 350 (D.R.I.) (hereinafter "Rhode Island Grand Jury Proceedings") ("provision is limited to federal personnel to enforce federal criminal law.") *appeal dismissed*, 580 F.2d 13, 17 (1st Cir. 1978) (finding the district court's construction of the phrase "government personnel" to be incontrovertible.)

Furthermore, this court believes that disclosure is authorized in the instant case by the terms of section (e)(2)(C)(i) which permits disclosure "when so directed by a court preliminarily to or in connection with a judicial proceeding." Under this provision, disclosure has been authorized to a grievance committee of a bar association, *see Doe v. Rosenberry*, 255 F.2d 118 (2d Cir. 1958) (Hand, J.) *criticized in In re Biaggi*, 478 F.2d 489, 492 n. 7 (2d Cir. 1972); to a

police board of inquiry, *see In re Special February 1971 Grand Jury, supra*; and to a municipality, bar association and state commission inquiring into the conduct of judges, *see Matter of Disclosure of Testimony Before the Grand Jury*, 580 F.2d 281 (8th Cir. 1978). It is well settled that "a grand jury hearing is a 'judicial proceeding' within the scope of Rule 6(e) . . . .". *In re Braniff Airways, Inc.*, 390 F.Supp. 344, 346 (W.D.Texas 1975). *See In re Grand Jury Witness Subpoenas*, 370 F.Supp. 1282, 1284 (S.D.Fla.1974); *In re Minkoff*, 349 F.Supp. 154, 156 (D.R.I.1972). State judicial proceedings are also encompassed within the exception of section (e)(2)(C)(i). *United States v. Goldman*, 439 F.Supp. 337, 347 (S.D.N.Y.1977).[5]

The Company argues, however, that this exception can not sustain disclosure of matters before the grand jury to investigative personnel for the purpose of obtaining their assistance in the grand jury's own investigation. *See Rhode Island Grand Jury Proceedings, supra*, 445 F.Supp. at 350. Nothing in the language of section (e)(2)(C)(i) requires such a result. And while the Supreme Court in *Douglas Oil Co. v. Petrol Stops Northwest, supra*, 99 S.Ct. at 1675, did speak in terms of "another judicial proceeding" we do not believe that the court necessarily decided the precise issue before us. In *In re Braniff Airways, Inc., supra*, the court authorized disclosure to witnesses scheduled to appear before a federal grand jury of their prior testimony concerning the same events given to an earlier federal grand jury conducting the same investigation. Indeed, in *In re Grand Jury Witness Subpoenas, supra*, the court, though finding that under the factual circumstances of the case disclosure was inappropriate, assumed that in certain instances, a witness before a federal grand jury could obtain, pursuant to the "judicial proceeding" exception, disclosure of prior statements made to the *same* grand jury. These decisions support our determination that section (e)(2)(C)(i) may, in certain instances, support disclosure "in connection with" the grand jury's own proceedings. The opposite conclusion would

---

5. In *In re Biaggi*, 478 F.2d 489, 492 (2d Cir. 1973), Judge Friendly noted that "[t]he largest

breach in the wall of [grand jury] secrecy has been wrought by [this exception]."

result in a situation where disclosure may be made in connection with non-federal civil or criminal matters but not in connection with the very same federal grand jury investigation in progress. Such a state of affairs would be, in this court's view, truly incredible and would represent a complete distortion of the principles underlying grand jury secrecy.

 Of course, in order to obtain authorization for disclosure pursuant to section (e)(2)(C)(i) a party must make a "particularized . . . discrete showing of need." *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 683, 78 S.Ct. 983, 987, 2 L.Ed.2d 1077 (1958). *See Douglas Oil Co. v. Petrol Stops Northwest, supra*, 99 S.Ct. at 1674; *Dennis v. United States*, 384 U.S. 855, 870, 86 S.Ct. 1840, 1849, 16 L.Ed.2d 973 (1966). This court's duty is to carefully weigh the need for disclosure against the continued need for secrecy. While the burden rests on the party seeking disclosure to demonstrate that "the need for it outweighs the public interest in secrecy" *Douglas Oil Co. v. Petrol Stops Northwest, supra*, 99 S.Ct. at 1675, it is also true that "as the considerations justifying secrecy become less relevant, a party asserting a need for grand jury [material] will have a lesser burden in showing justification." *Id.*

 In the instant case the government has met its burden. Its need for limited disclosure of grand jury materials to certain named officials and investigators of the municipal agency in order to facilitate its investigation is substantial. The disclosure which it seeks is extremely narrow in scope. It does not seek a license to "broadcast a transcript of grand jury proceedings to the world," *In re Biaggi, supra*, 478 F.2d at 492; nor does the United States Attorney wish to broadly disseminate grand jury materials for use in other court actions. Rather, what is sought by the government is the authorization to "take into its confidence" certain individuals with specialized knowledge in a field presently under investigation by the grand jury.[6] Such authorization is appropriate.

*CONCLUSION*

Rule 6(e) authorizes disclosure of grand jury matters to investigators at the municipal agency for the limited purpose of assisting the grand jury. This construction of Rule 6(e) gives controlling significance to the principles underlying the Rule. We have sought to read Rule 6(e) as an integrated provision. In rejecting the Company's view of the provision we have rejected numerous anomalous results. "Principles of grand jury secrecy do not bar this disclosure." *In re Report & Recommendation of June 5, 1972 Grand Jury*, 370 F.Supp. 1219, 1230 (D.D.C.1974).

The motion to modify the court's order dated July 13, 1979, and amended August 7, 1979, is in all respects denied, and it is

SO ORDERED.

Disclosure is stayed until Monday, August 20, 1979, in order to afford the Company an opportunity to seek a further stay from the Second Circuit Court of Appeals.

---

**6.** The amended order of this court provides that the grand jury material "may be used by the [municipal agency] solely to assist the United States Attorney . . . .."