**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ariel Henry TAGER,**
**Defendant–Appellant.**

**No. 79–1691.**

United States Court of Appeals,
Tenth Circuit.

Argued July 9, 1980.

Decided Oct. 20, 1980.

---

James R. Wyrsch of Koenigsdorf, Kusnetzky & Wyrsch, Kansas City, Mo., for defendant–appellant.

Michael DeFeo, Atty., U. S. Dept. of Justice, Kansas City, Mo. (James P. Buchele, U. S. Atty., Topeka, Kan., David B. B. Helfrey and Grover G. Hankins, Attys., U. S. Dept. of Justice, Kansas City, Mo., on brief), for plaintiff–appellee.

Before SETH, Chief Judge, and HOLLOWAY and SEYMOUR, Circuit Judges.

SETH, Chief Judge.

This appeal arises from the conviction of appellant for mail fraud. 18 U.S.C. § 1341. The government alleged a scheme involving many people, including doctors, lawyers, and automobile repairmen, who were engaged in defrauding insurance companies. Appellant, an attorney, was indicted and prior to trial he moved to dismiss the indictment and to suppress certain evidence. The motions were denied, and it is from the denial of these motions that Mr. Tager appeals.

The relevant facts are as follows. The investigation leading to the indictment herein at issue was started by a Mr. Edward House employed by the Insurance Crime Prevention Institute (ICPI). The ICPI is an organization funded by over 300 insurance companies to investigate possible frauds against insurance companies. Neither the ICPI nor Mr. House was in any official position whatever. Mr. House worked as an investigator of ICPI and developed sufficient evidence to refer this case to the United States Postal Inspection Service. Thereafter he continued to assist in the investigation at the government's invitation.

A grand jury was convened in Kansas City, Kansas. The government moved for disclosure to Mr. House of certain grand jury materials to enable him further to assist in the investigation. The motion was made under Fed.R.Crim.P. 6(e)(3)(C)(i) (then Rule 6(e)(2)(C)(i)). The trial judge who heard the motion granted it and ordered the requested disclosure. The investigation was subsequently transferred from the Kansas City, Kansas grand jury to a grand jury in Topeka, Kansas. An indictment was returned against appellant and others in Topeka. As stated above, appellant moved to dismiss the indictment and to suppress evidence, but the motions were denied. The trial judge hearing these motions had misgivings as to whether the disclosure to Mr. House was authorized by Rule 6(e); however, he felt bound by the prior decision of the judge who originally authorized the disclosures. This second judge registered his misgivings in a thorough memorandum accompanying his order denying the motions. We have followed and rely to a large measure on his analysis.

The primary issue on appeal is whether the disclosure in these circumstances of grand jury materials to Mr. House was within the authority provided by Fed.R.Crim.P. 6(e). For the reasons that follow we conclude it was not.

■ The Federal Rules of Criminal Procedure prohibit generally the disclosure of "matters occurring before the grand jury." Fed.R.Crim.P. 6(e)(2). This rule codifies the long–standing policy of secrecy provided grand jury proceedings. The compelling policy reasons supporting this strict rule have been described in many cases. *See, e. g., Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211, 99 S.Ct. 1667, 60 L.Ed.2d 156; *Dennis v. United States*, 302 F.2d 5 (10th Cir.); *Bary v. United States*, 292 F.2d 53 (10th Cir.); *United States v. Rose*, 215 F.2d 617, 628–29 (3d Cir.). This rule of secrecy "must not be broken except where there is a compelling necessity," shown with particularity. *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682, 78 S.Ct. 983, 986, 2 L.Ed.2d 1077.

There are several exceptions to the rule of secrecy. These are for disclosure to a government attorney, Rule 6(e)(3)(A)(i); to government personnel assisting the government attorney, Rule 6(e)(3)(A)(ii); by court

order preliminarily to or in connection with a judicial proceeding, Rule 6(e)(3)(C)(i); and to a criminal defendant under certain conditions, Rule 6(e)(3)(C)(ii). Inasmuch as Mr. House is neither a government attorney, government "personnel," nor a criminal defendant, subsections (A)(i), (A)(ii), and (C)(ii) are not applicable. Accordingly, the government argues the authority provided the court in subsection (C)(i) (in connection with a judicial proceeding) is sufficiently broad to encompass the disclosure to Mr. House ordered here.

As an initial concern we note that Mr. House did in fact review transcripts of the proceedings before the grand jury. The government conceded this at the hearing on the motions for dismissal and suppression. The government attorney stated: "The witness [Mr. House] will testify he has reviewed grand jury transcripts in this investigation. The government concedes that." VII Rec. at 117. The disclosure is therefore controlled by Rule 6(e), and *United States v. Interstate Dress Carriers, Inc.,* 280 F.2d 52 (2d Cir.) (disclosure of material that does not reveal matters occurring before grand jury not controlled by Rule 6(e)), is inapposite.

Subsection (C)(i) excepts from the rule of secrecy disclosures "when so directed by a court preliminarily to or in connection with a judicial proceeding." The government contends that the grand jury proceedings in this case are "judicial proceedings" within the meaning of Rule 6(e)(3)(C)(i). The government cites several cases in support of this proposition. *See United States v. Stanford,* 589 F.2d 285 (7th Cir.); *In re Grand Jury Witness Subpoenas,* 370 F.Supp. 1282 (S.D.Fla.); *In re Minkoff,* 349 F.Supp. 154 (D.R.I.). Indeed, one court has termed this proposition "well settled." *In re Braniff Airways, Inc.,* 390 F.Supp. 344, 346 (W.D. Tex.).

The proposition is hardly well settled. While the *Minkoff* court ruled that a grand jury proceeding was a "judicial proceeding" within the meaning of subsection (C)(i), it limited its power to order disclosure to *discharged* grand jury proceedings. The court

conditioned its order granting disclosure upon the adjournment of the grand jury. The court said:

> "Where termination is a condition of disclosure, it is obvious that such disclosure can neither help nor harm the completed investigation. In such circumstances I find I have the power to order disclosure, without deciding today the power of the court to order disclosure of grand jury minutes which would take effect before the dismissal of the grand jury."

*In re Minkoff,* 349 F.Supp. 154, 156–57 (D.R.I.). In addition, the disclosure was to a witness of her own testimony before the grand jury and not to an investigator to assist the investigation. Thus *Minkoff* provides no support for the government's position in this case. The grand jury proceedings here were in full force at the time disclosure was ordered.

Furthermore, the unanswered question in *Minkoff* was recently resolved by the same court in *In re Grand Jury Proceedings,* 445 F.Supp. 349 (D.R.I.), *appeal dismissed,* 580 F.2d 13 (1st Cir.) (nonappealable order). The court there held that it was without subsection (C)(i) power to order disclosure to state investigative personnel during an ongoing grand jury proceeding.

The government's reliance on *In re Braniff Airways, Inc.,* 390 F.Supp. 344 (W.D. Tex.), and *In re Grand Jury Witness Subpoenas,* 370 F.Supp. 1282 (S.D.Fla.), is misplaced. The orders in those cases involved the disclosure to grand jury witnesses of transcripts of their own testimony before the ongoing grand jury. Both cases assumed the "judicial proceeding" requirement of subsection (C)(i) to be satisfied. The *Braniff* court then exercised its discretion in favor of disclosing transcripts of the witness' own testimony to that particular witness, given the unusual complexity and length of those proceedings. The *Subpoenas* court denied disclosure, finding that the movants had failed to show a particularized and compelling need for disclosure. We are not here faced with the disclosure of a witness' testimony to that witness during an ongoing grand jury proceeding. We

therefore express no view as to the propriety of a (C)(i) order approving such a disclosure. It is enough for our purpose to observe that *Braniff* and *Subpoenas* offer little, if any, support for the government in this case.

Indeed, the *Subpoenas* court, the Southern District of Florida, denied a subsection (C)(i) motion for disclosure to state government personnel to assist in the investigation of an ongoing grand jury. *In re Miami Federal Grand Jury No. 79–8*, 478 F.Supp. 490 (S.D.Fla.). The court ruled that the government had failed to show a particularized and compelling need for disclosure, mere familiarity with the case and local expertise being insufficient to justify breaching the grand jury's veil of secrecy. For the purpose of deciding the case before it the *Miami* court was willing to assume that subsection (C)(i)'s "judicial proceeding" requirement was satisfied. The court observed, however, that "[t]o apply this provision to the very grand jury from which disclosure is sought seems somewhat illogical." *Id.* at 493.

The only case offered by the government which parallels the facts before us and arguably supports the government's position is *United States v. Stanford*, 589 F.2d 285 (7th Cir.), *cert. denied*, 440 U.S. 983, 99 S.Ct. 1794, 60 L.Ed.2d 244. There the Seventh Circuit held that the lower court properly ordered disclosure to state government personnel under subsection (C)(i) of proceedings occurring before an ongoing grand jury to assist the federal government in its investigation. The court decided that the "judicial proceeding" requirement was met. It then concluded that the lower court had not abused its discretion. It did not address the propriety of subsection (C)(i) disclosure to a private, nongovernmental investigator. And it is unclear whether the *Stanford* court would have reached the same result if disclosure had been to a person like Mr. House instead of state government officials.

In addition to its lack of case support, the government's position is further undermined by the structure of Rule 6(e). The need for assistance in federal investigations which is highlighted by the issue before us was not a matter within the contemplation of subsection (C)(i). The need for assistance is addressed by subsection (A)(ii). This subsection authorizes disclosure to "such government personnel as are deemed necessary by an attorney for the government to assist an attorney for the government in the performance of such attorney's duty to enforce federal criminal law." Moreover, the drafters of (A)(ii) considered whether the assistance of private persons like Mr. House should be included. They decided against such inclusion by limiting (A)(ii) to "government personnel." *See Proposed Amendments to the Federal Rules of Criminal Procedure: Hearings on H.R. 5864 Before the Subcomm. on Criminal Justice of the House Comm. on the Judiciary*, 95th Cong., 1st Sess. 92 (1977). *See also* S.Rep.No. 354, 95th Cong., 1st Sess. 5–6, *reprinted in* [1977] U.S.Code Cong. & Admin.News pp. 527, 528–30.

■ Subsection (C)(ii) contemplates proceedings other than the grand jury proceeding itself, otherwise there is little purpose for the other subsections. As previously discussed, some courts have authorized disclosures in connection with a grand jury proceeding under subsection (C)(i). But these were not for the purpose of assisting the ongoing grand jury investigation, which is the province of subsection (A)(ii); they were for witnesses of their own testimony to prevent unfairness which would otherwise have occurred. We must hold that subsection (C)(i) "is not designed nor has it been used in the past as a source of authority for a court to order disclosure to assist with the present grand jury proceedings." *In re Grand Jury Proceedings*, 445 F.Supp. 349 (D.R.I.), *appeal dismissed*, 580 F.2d 13 (1st Cir.).

While the Supreme Court has not addressed this question, in *Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211, 99 S.Ct. 1667, 60 L.Ed.2d 156, the Court stated with regard to exceptions to secrecy:

"[C]ourts have been reluctant to lift unnecessarily the veil of secrecy from the

grand jury. At the same time, it has been recognized that in some situations justice may demand that discrete portions of transcripts be made available for use in *subsequent* proceedings."

*Id.* at 219–20, 99 S.Ct. at 1673 (emphasis added). The Court then announced the standard governing subsection (C)(i) disclosures as follows:

"Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in *another* judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed."

*Id.* at 222, 99 S.Ct. at 1674. (emphasis added).

■ Accordingly, we hold that the trial court was without authority under Rule 6(e)(3)(C)(i) to order disclosure to Mr. House to assist the ongoing grand jury investigation. The grand jury proceedings themselves from which information is sought to be revealed are not the "judicial proceeding" contemplated by Rule 6(e)(3)(C)(i) as here sought to be applied. The structure of the Rule determines this conclusion. As we have already said, we intimate no views concerning the propriety in general of subsection (C)(i) disclosure to a grand jury witness during an ongoing grand jury proceeding in order to avoid injustice to that witness. Also, in view of our disposition of the case we do not pass on the pre–indictment publicity issue.

Appellant's remaining contentions are persuasively and correctly disposed of by the lower court. We need consider them no further.

REVERSED and REMANDED for further proceedings consistent with the views expressed herein.

SEYMOUR, Circuit Judge, dissenting.

In reaching its decision under Fed.R. Crim.P. 6(e), the majority distinguishes *United States v. Stanford,* 589 F.2d 285 (7th

Cir. 1978), *cert. denied,* 440 U.S. 983, 99 S.Ct. 1794, 60 L.Ed.2d 244 (1979). Persuaded, as I am, by the Seventh Circuit's reading of the "judicial proceeding" language in Rule 6(e), *see id.* at 292, I dissent from the holding that the trial court lacked authority under Rule 6(e)(3)(C)(i) to order disclosure to Mr. House.

*Stanford* construed a predecessor version of Rule 6(e). *See id.* at 289 n.1. Nevertheless, both that version and the one applicable here permit disclosure "when so directed by a court preliminarily to or in connection with a judicial proceeding."

Like Tager, the *Stanford* defendants were convicted of federal mail fraud. The Illinois Department of Public Aid (IDPA) was a victim in the welfare fraud scheme. During the grand jury investigation, the district court issued orders under Rule 6(e) that permitted disclosure of grand jury materials, including transcripts, to FBI agents, IDPA employees, and Illinois Department of Law Enforcement personnel. These disclosures were necessary to provide federal prosecutors with expert assistance in aid of the grand jury investigation.

On appeal, Stanford and his codefendants claimed, *inter alia,* that because a grand jury investigation was not a Rule 6(e) "judicial proceeding," the disclosure orders were improper. The Seventh Circuit rejected the argument:

"Rule 6(e) permits disclosure orders not only 'in connection with' but also 'preliminarily to' a judicial proceeding. Although a grand jury proceeding may not itself be 'determinable by a court,' *Special February 1971 Grand Jury v. Conlisk,* 490 F.2d 894, 897 (7th Cir. 1973), *quoting Doe v. Rosenberry,* 255 F.2d 118, 120 (2d Cir. 1958), it is nevertheless preliminary to such proceedings. *See United States v. Universal Manufacturing Co.,* 525 F.2d 808 (8th Cir. 1975); *In re Special February 1971 Grand Jury v. Conlisk, supra.*"

*Stanford,* 589 F.2d at 292. In my view, this reasoning applies to the disclosure order here.[1]

---

1. In direct support for its contrary holding, the majority cites language from *In re Miami Federal Grand Jury No. 79–8,* 478 F.Supp. 490 (S.D.Fla.1979), and *In re Grand Jury Proceed-*

I cannot agree with the majority's implied suggestion that the Seventh Circuit might have decided *Stanford* in reverse had the disclosures been made to private, nongovernmental investigators. *Stanford* rests upon the actual "judicial proceeding" language now in subsection (3)(C)(i), not upon the identity of those to whom disclosure is made. Even the majority's own view of that subsection does not suggest such a government–nongovernment distinction.

Neither can I agree that the structure of Rule 6(e) implies a lack of authority for disclosure orders such as here. The majority views the grouping principle of Rule 6(e)(3) to be disclosures in aid of grand jury investigations (subsections (A) and (B)) versus disclosures in judicial proceedings that occur after discharge of the grand jury (subsection (C)). The grouping principle might just as easily be viewed as disclosures that do not require court approval versus disclosures that do. Permitting disclosures to government personnel without court approval, as Congress did in subsection (A), does not of itself imply a prohibition in subsection (C) against court–approved disclosure to nongovernment personnel.

Finally, I find nothing in the legislative history cited by the majority that suggests a per se rule against court–approved disclosure to nongovernment personnel during an ongoing grand jury investigation for the sole purpose of aiding that investigation. I would hold that Rule 6(e)(3)(C)(i) permits such disclosure within the discretion of the court.

ings, 445 F.Supp. 349 (D.R.I.), *appeal dismissed,* 580 F.2d 13 (1st Cir. 1978) (lack of appellate jurisdiction). The Southern District of Florida is quoted as saying that the application of Rule 6(e)(3)(C) "to the very grand jury from which disclosure is sought seems somewhat illogical." 478 F.Supp. at 493. But the Florida court just as plainly conceded that "[c]onceivably, however, subsection C can be seen as providing the court with a discretionary means of disclosure beyond the confines of subsection A." *Id.* In the end, the court found it unnecessary to resolve the issue, for it concluded that the Government failed to show the requisite need for disclosure.

The District of Rhode Island did say subsection (C)(i) was "not designed" to permit disclosures during ongoing grand jury investigations. *See* 445 F.Supp. at 350. But the thrust of its holding was that the federal prosecutor failed to establish the requisite need for disclosure to the state detective. *See id.* It was on this discretionary basis only that the First Circuit viewed the holding. *See* 580 F.2d at 17.

In sum, I cannot find in either case the solid support found by the majority for its reading of Rule 6(e)(3)(C)(i).