UNITED STATES of America, Plaintiff,

v.

Leonard G. McRAE, et al., Defendants.

Crim. No. 83–250.

United States District Court,
District of Columbia.

March 7, 1984.

Roger M. Adelman, Asst. U.S. Atty.,
Washington, D.C., for the government.

Barry Simon, Paul Mogin, Williams &
Connelly, Washington, D.C., for defendants.

## MEMORANDUM OPINION

BARRINGTON D. PARKER, District
Judge.

On October 7, 1983, the government returned a 14-count superseding indictment charging 15 defendants with organizing or participating in a heroin distribution ring within the District of Columbia. The indictment charged the defendants with violation of some or all of the following criminal provisions of both the federal and District of Columbia codes: narcotics conspiracy in violation of 21 U.S.C. § 846; unlawful distribution of a controlled substance in violation of 21 U.S.C. § 841(a); unlawful distribution of a controlled substance to a

minor in violation of 21 U.S.C. §§ 841(a) and 845; and homicide resulting from a heroin overdose, in violation of D.C.Code §§ 22–2403, 2405.

The defendant Leonard G. McRae filed a motion in December 1983 for a hearing to determine whether matters occurring before the grand jury had been improperly disclosed to the chief investigator of the alleged illegal drug ring, Detective Alfred C. McMaster, Jr. of the D.C. Metropolitan Police Department in violation of the grand jury secrecy provisions of Rule 6(e) Fed.R. Crim.P.[1]

As a result of the motion, this Court, in Pretrial Order No. 3, January 23, 1984, ordered that the "government ... file a declaration by. Officer McMaster, setting forth any and all Grand Jury materials which may have been disclosed to him in this proceeding." ¶ 8. Thereafter McMaster filed an affidavit on January 25, 1984, stating, "I have not read transcripts of any of the proceedings before the Grand Jury which considered this case nor have matters occurring before the Grand Jury been disclosed to me." On February 16 and 29 hearings were conducted and counsel for McRae examined McMaster in some detail on possible disclosures in violation of Rule 6(e). The government, both at the hearings and in its opposition memoranda argued that McMasters' affidavit and testimony showed that nothing occurring before the Grand Jury was disclosed to Officer McMaster, and in the alternative, that disclosure to Officer McMaster was permissible under subsection (3)(A)(ii) of Rule 6(e).

The Court agrees and finds that there were no violations by the government of Rule 6(e)'s secrecy provisions.

### A.

Over the course of the investigation, McMaster served a number of grand jury subpoenas on behalf of the government. In three instances the documents subpoenaed were sent directly to him; he examined them and compared the information they contained with data from other records before eventually handing them over to the Assistant United States Attorney handling the case. Those three subpoenas requested documents relating to certain telephone beepers, a lease agreement, and a set of records located in an apartment development. Later, as chief investigator, McMaster testified before the Grand Jury on several occasions. He was not present when other witnesses testified; he did not read transcripts of testimony given by other witnesses to the grand jury, nor did the government attorney disclose any such information to him. Detective McMaster did not even know whether the subpoenaed documents he examined were shown by the government to the grand jury, and he was unsure whether his testimony before the grand jury involved those documents. Throughout, he operated under the direction and control of the Assistant United States Attorney.

McRae claims that Detective McMaster's examination of the subpoenaed documents constituted disclosure of matters occurring before the grand jury in violation of Rule 6(e)(2). The Court disagrees, and finds that McMaster's examination of the documents did not amount to impermissible disclosure of matters occurring before the grand jury. *See United States v. Lartey*, 716 F.2d 955, 964 (2d Cir.1983).

■ One of the considerations behind the rule of grand jury secrecy is the protection of the grand jury from outside interference. Thus, independently generated documents that happen to be subpoenaed by the grand jury are not cloaked with such secrecy unless they reveal something about the

---

1. Rule 6(e) provides in relevant part:

    (2) *General Rule of Secrecy.* A grand juror, an interpreter, a stenographer, an operator of a recording device, a typist who transcribes recorded testimony, an attorney for the government, or any person to whom disclosure is made under paragraph (3)(A)(ii) of this subdivi-

sion shall not disclose matters occurring before the grand jury, except as otherwise provided for in these rules. No obligation of secrecy may be imposed on any person except in accordance with this rule. A knowing violation of Rule 6 may be punished as a contempt of court.

grand jury proceedings. *Lartey*, a drug conspiracy prosecution, involved the disclosure by the government of bank records subpoenaed by the grand jury to a retired Internal Revenue Service agent retained by the government. The court noted "it can hardly be supposed that the bank records ... yielded information regarding the scope or direction of the grand jury investigations." *Id.* at 964.

■ The identical observation can be made here. There is nothing to suggest that the documents examined by Detective McMaster revealed what occurred before the grand jury. Thus, his examination of those documents did not amount to disclosure of "matters occurring before the grand jury" under Rule 6(e)(2).

**B.**

■ Even if Detective McMaster's review of the documents did amount to disclosure under Rule 6(e)(2), he nonetheless falls within the class of persons to whom such disclosure is permissible.

Rule 6(e)(3)(A)(ii) provides:

Disclosure otherwise prohibited by this rule of matters occurring before the grand jury, other than its deliberations and the vote of any grand juror, may be made to ... such government personnel as are deemed necessary by an attorney for the government in the performance of such attorney's duty to enforce federal criminal law.

McRae's counsel contends that only federal employees, not those of the D.C. Metropolitan Police Department, constitute "government personnel" to whom disclosure is permitted under this rule. In support of that contention, he cites a number of cases where courts have determined that *state* law enforcement officials are not "government personnel" even when the state officials are assisting the federal authorities investigating possible federal crimes. *In Re Miami Federal Grand Jury*, 478 F.Supp. 490, 492–93 (S.D.Fla.1979) (re-

fusing request for disclosure to county public safety department); *In Re Grand Jury Proceedings*, 445 F.Supp. 349, 350 (D.R.I.1978) (refusing request for disclosure to detective of Rhode Island State Police assisting federal investigation), *appeal dismissed*, 580 F.2d 13, 17 (1st Cir. 1978) (District Court's conclusion that the state officer was not "government personnel" under Rule 6(e)(3)(A)(ii) "virtually uncontrovertable").[2]

The response to McRae's argument is twofold. First, other courts are of the contrary opinion, that state officials assisting federal investigations *are* "government personnel" to whom disclosure is permissible under the rule. *In re 1979 Grand Jury Proceedings*, 479 F.Supp. 93, 95–96 (E.D.N. Y.1979) (granting request for disclosure to officials and investigators of an agency of a municipal government) (*cited with approval in Lartey*, 716 F.2d at 964). *See United States v. Stanford*, 589 F.2d 285 (7th Cir.1978).

■ Second, and even more compelling, is the fact that here we are not dealing with a state official, but rather with a member of the D.C. Police Department. While in some situations the District of Columbia is treated as if it were a state, *see Milhouse v. Levi*, 548 F.2d 357, 360 n. 6 (D.C.Cir.1976), the reality of course is that the District of Columbia is not a separate, independent state, *see Palmore v. United States*, 411 U.S. 389, 395, 93 S.Ct. 1670, 1675, 36 L.Ed.2d 342 (1973), but rather an entity directly subject to Congress' plenary legislative powers. *See* U.S. Constitution Article 1, Sec. 8. Thus, a single prosecutor, the United States Attorney for the District of Columbia, represents the government in both the federal and District of Columbia court systems. A violation of the criminal provisions of the D.C. Code constitutes an offense against the United States. *Milhouse*, 548 F.2d at 360, n. 6. The Federal Criminal Code and the criminal

---

2. Disclosure to state attorneys, pursuing their own, independent investigation of potential violations of state law, is governed by subsection (3)(C) of Rule 6(e), not (3)(A)(ii). *See, e.g., Illinois v. Abbot & Associates, Inc.,* —— U.S. ——, 103 S.Ct. 1356, 75 L.Ed.2d 281 (1983).

provisions of the District of Columbia Code were intended by Congress to exist together and to mesh with each other. *United States v. Greene*, 489 F.2d 1145, 1150 (D.C. Cir.1973). Charges alleging violation of the local criminal code can, at times, be joined with federal criminal charges, and prosecuted in the United States District Court. *See* D.C.Code § 11–502(3); *United States v. Jones*, 527 F.2d 817 (D.C.Cir. 1975). Even if the federal charges are dismissed early in the criminal proceeding, the United States District Court still retains the power to try the local offenses. *United States v. Kember*, 648 F.2d 1354 (D.C.Cir.1980).

This relationship between federal and local law enforcement, *sui generis* in our republic, presents a situation of intertwined jurisdiction such that the members of the D.C. Police Department are not aptly compared to state police officers. The relationship between the D.C. police and the United States Attorney for the District of Columbia is a much closer one than the relationship between state police and federal officials. The local police here work closely with the United States Attorney in investigating cases ultimately prosecuted in both the local Superior Court and the United States District Court. Thus, when assisting investigations yielding federal criminal charges, they can best be analogized not to state officials, whose ultimate responsibility is not to the United States Attorney, but rather to outside experts—such as handwriting experts, accountants, etc.—who are brought in for specific investigations and for such purposes are responsible to and under the control of federal officials. These outside experts constitute "government personnel" to whom disclosure is permissible under the rule. *See United States v. Sells Engineering*, —— U.S. ——, 103 S.Ct. 3133, 3144, 77 L.Ed.2d 743 (1983); *Lartey*, 716 F.2d at 960, 963–64. *See also United States v. Thomas*, 593 F.2d 615 (5th Cir.1979) (disclosure permissible to agents of the Internal Revenue Service and the Department of Agriculture working under the control and direction of the United States Attorney). In *Lartey*, the Second

Circuit held that there was no violation of the secrecy requirements of Rule 6(e) in the disclosure made by the government to a specialist in investigative accounting (a retired and former Internal Revenue Service agent) retained by the United States Attorney as an expert consultant and witness to assist the federal narcotics investigation. Certainly an active member of the District of Columbia Police Department, whose full-time responsibility it is to handle crimes ultimately to be prosecuted by a United States Attorney, and who acts under the control and direction of the United States Attorney, is no less a member of the class of persons constituting "government personnel" to whom disclosure is permissible, than is an outside expert retained as a consultant and witness.

This conclusion is consistent with the history of Congress' adoption of subsection (3)(A)(ii) of Rule 6(e). Prior to 1977, this subsection did not exist; its adoption in 1977 represented congressional accommodation to the government's pre-1977 practice of utilizing—seemingly without authorization—"FBI, IRS ... other law enforcement agencies ... accountants, handwriting experts, and other persons with special skills." *Sells Engineering*, 103 S.Ct. at 3144–45. Congress, in adopting subsection 3(A)(ii), explicitly authorized the practice, but to control disclosure it made clear that disclosure under Rule 6(e)(3)(A)(ii) is permissible only where necessary "to enforce criminal law," and not for civil law enforcement purposes. *Id.* at 3147. However, as long as the disclosure relates to criminal law enforcement, Congress intended that federal prosecutors be given "a free hand" in disclosure to government personnel. *Id.* Whatever the extent of that "free hand," it certainly extends to D.C. police assisting in federal criminal investigations.

In short, whatever the status of a state law enforcement officer, under the circumstances presented here a member of the District of Columbia Police Department is a person to whom disclosure of grand jury matters is permissible under Rule 6(e)(3)(A)(ii). The challenge presented by

counsel for the defendant McRae is rejected.