**In re DISCLOSURE OF GRAND JURY MATERIAL.**

Misc. No. 86–330–E.

United States District Court,
N.D. West Virginia,
Elkins Division.

Sept. 18, 1986.

William A. Kolibash, U.S. Atty., Wheeling, W.Va., David E. Godwin, Asst. U.S. Atty., Clarksburg, W.Va., for petitioner.

ORDER

MAXWELL, Chief Judge.

On April 21, 1986 the Court received an *ex parte* petition for an order directing

disclosure, pursuant to Rule 6(e)(3)(C)(i) [1] of the Federal Rules of Criminal Procedure, of certain documents [2] produced before the Federal Grand Jury in this district. The petition was brought by the United States of America and William A. Kolibash, United States Attorney for the Northern District of West Virginia, by David E. Godwin, Assistant United States Attorney.

By its petition the government seeks to disclose the above-noted records or documents which allegedly reflect payments made to the Calhoun County Bank by The Durham Life Insurance Company in the form of commissions, rebates to customers, and claims payments on insurance policies of the said insurance company which were sold through the said bank between January 1, 1978 and July, 1985. The govern-

ment seeks disclosure of the above-mentioned records to James Bennett,[3] auditor of the Calhoun County Bank, who has allegedly performed a partial audit pursuant to an investigation regarding the alleged misapplication of bank funds by a bank officer at the Calhoun County Bank. The government contends that this activity would, if proven, be a violation of Title 18, United States Code, Section 656.[4]

Rule 6(e)(2), Federal Rules of Criminal Procedure, instructs that, except as otherwise provided by the Federal Rules of Criminal Procedure, matters occurring before the Grand Jury shall not be disclosed.[5] Disclosures otherwise prohibited by Rule 6 may be made "when so directed by a court preliminarily to or in connection with a

1. Rule 6(e)(3)(C)(i), Federal Rules of Criminal Procedure reads as follows:

 (C) Disclosure otherwise prohibited by this rule of matters occurring before the grand jury may also be made—
 (i) when so directed by a court preliminarily to or in connection with a judicial proceeding....

2. In its *ex parte* petition the government alleges that the Calhoun County Bank, Grantsville, West Virginia requested that certain records or documents be produced by the Durham Life Insurance Company of Raleigh, North Carolina and that, upon the insurance company's refusal to comply with the bank's request, a Grand Jury subpoena was served upon the Durham Life Insurance Company and the documents were produced for the Grand Jury.

3. Apparently Mr. Bennett is an employee of the Calhoun County Bank or is an independent contractor who has been contracted to perform an audit at the bank. There is no representation in the government's *ex parte* petition that Mr. Bennett is a government employee assigned to assist an attorney for the government in the performance of such attorney's duty to enforce federal criminal law; accordingly, the government does not contend that disclosure of these Grand Jury documents may be made pursuant to Rule 6(e)(3)(A)(ii), Federal Rules of Criminal Procedure.

4. 18 U.S.C. § 656 reads as follows:

 Whoever, being an officer, director, agent or employee of, or connected in any capacity with any Federal Reserve bank, member bank, national bank or insured bank, or a receiver of a national bank, or any agent or employee of the receiver, or a Federal Re-

serve Agent, or an agent or employee of a Federal Reserve Agent or of the Board of Governors of the Federal Reserve System, embezzles, abstracts, purloins or willfully misapplies any of the moneys, funds or credits of such bank or any moneys, funds, assets or securities intrusted to the custody or care of such bank, or to the custody or care of any such agent, officer, director, employee or receiver, shall be fined not more than $5,000 or imprisoned not more than five years, or both; but if the amount embezzled, abstracted, purloined or misapplied does not exceed $100, he shall be fined not more than $1,000 or imprisoned not more than one year, or both. As used in this section, the term "national bank" is synonymous with "national banking association"; "member bank" means and includes any national bank, state bank, or bank and trust company which has become a member of one of the Federal Reserve banks; and "insured bank" includes any bank, banking association, trust company, savings bank, or other banking institution, the deposit of which are insured by the Federal Deposit Insurance Corporation.

5. Rule 6(e)(2), Federal Rules of Criminal Procedure, reads as follows:

 A grand juror, an interpreter, a stenographer, an operator of a recording device, a typist who transcribes recorded testimony, an attorney for the government, or any person to whom disclosure is made under paragraph (3)(A)(ii) of this subdivision shall not disclose matters occurring before the grand jury, except as otherwise provided for in these rules. No obligations of secrecy may be imposed on any person except in accordance with this rule. A knowing violation of Rule 6 may be punished as a contempt of court.

judicial proceeding." Rule 6(e)(3)(C)(i), Fed.R.Crim.P. This provision, the government contends, allows records and documents produced before a Federal Grand Jury pursuant to a Grand Jury subpoena to be disclosed to a private bank auditor for his sole and exclusive use in completing an internal bank audit. The results of this audit, the government contends, would assist the Grand Jury in determining whether there is probable cause to believe that a misapplication of bank funds has occurred at the said bank.

As stated above, Rule 6(e)(3)(C)(i), Federal Rules of Criminal Procedure, instructs that the Court may direct disclosure of matters occurring before the Grand Jury "preliminarily to or in connection with a judicial proceeding...." [6] In deciding the question before it then the Court must determine whether the disclosure sought by the government is *preliminarily to or in connection with a judicial proceeding.*

■ Secondly, it has long been recognized that the proper functioning [7] of the Grand Jury greatly depends upon preserving the secrecy of the Grand Jury proceedings. *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 218–19, 99 S.Ct. 1667, 1672, 60 L.Ed.2d 156 (1979). The United States Supreme Court has noted several particular interests served by maintaining the secrecy of the Grand Jury proceedings. [8] Before this secrecy and these interests may be compromised to any degree, such as the disclosure sought in the government's *ex parte* petition herein pursuant to Rule 6(e)(3)(C)(i), the Court must not only consider the particulars of a single request for disclosure but also weigh the broader effect such disclosure may have in a particular case. Courts have consistently construed Rule 6 to require a strong showing of particularized need for Grand Jury materials. *United States v. Sells Engineering, Inc.,* 463 U.S. 418, 443, 103 S.Ct. 3133, 3148, 77 L.Ed.2d 743 (1983). [9] Finally, Courts must not only consider the possible effects which disclosure may have upon the functioning of a particular Grand Jury, but also consider the potential impact disclosure could have upon future Grand Juries as well. [10]

■ The Court is not persuaded that disclosure to Mr. Bennett is preliminarily to or in connection with a judicial proceeding. The Grand Jury proceeding from which disclosure is desired is not the "judicial proceeding" contemplated by the Rule. [11] The government's *ex parte* petition requesting authority to disclose records or documents produced before the Grand Jury was filed in this Court on April 21, 1986. It appears from the government's petition that an investigation was then on-going into the alleged misapplication of bank funds by a bank officer at the Calhoun County Bank and that the purpose of their proposed disclosure was to enable Mr. Bennett to complete an audit at the bank "to assist the Grand Jury in determining whether or not a misapplication of bank funds has occurred at the Calhoun County Bank." The preceding Grand Jury was empanelled in this district on November 18,

---

6. *See* Footnote 1, *supra.*

7. The function of the Grand Jury is two-tiered; it must delicately balance its function of determining whether there exists probable cause to believe that an offense has been committed against its function of protecting citizens against unfounded criminal prosecutions. *Branzburg v. Hayes,* 408 U.S. 665, 686–87, 92 S.Ct. 2646, 2659, 33 L.Ed.2d 626 (1972).

8. *See Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 219, 99 S.Ct. 1667, 1672, 60 L.Ed.2d 156 (1979); *Id.* n. 10.

9. The Court has described the standard for disclosure to be a particularized showing that 1) the material is needed to avoid possible injustice in another judicial proceeding, 2) the need for disclosure is greater than the need for continued secrecy, and 3) the request is structured to cover only the needed material. *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 222, 99 S.Ct. 1667, 1674, 60 L.Ed.2d 156 (1979).

10. *Id.*

11. In *Douglas Oil* the Court announced the standard governing Rule 6(e)(3)(C)(i) disclosure as providing an avenue "to avoid a possible injustice in *another* judicial proceeding...." 441 U.S. at 222, 99 S.Ct. at 1674 (Emphasis supplied.) *See also United States v. Tager,* 638 F.2d 167, 171 (10th Cir.1980).

1985 and continued to serve until it was discharged from service on May 8, 1986. The present Grand Jury was empanelled on September 15, 1986 and will continue to serve until September 30, 1986 when it is anticipated that the said Grand Jury will be discharged. Although a Grand Jury proceeding itself is at least "preliminar[y] to" a judicial proceeding, disclosure to Mr. Bennett is at least one step removed from the disclosure contemplated by the Rule. It is not enough that disclosure would be made to Mr. Bennett whose audit would, in turn, perhaps be of assistance to a Grand Jury's determination of probable cause which determination would be "preliminar[y] to" a judicial proceeding.

 Even if the Court were of the opinion that this disclosure is appropriate as "preliminarily to or in connection with a judicial proceeding," the Court is not persuaded that the government has shown that its need for disclosure outweighs the countervailing need to preserve the secrecy of the Grand Jury proceeding or, indeed, that this is a proper utilization of the recognized exceptions to the rule of secrecy in matters occurring before the Grand Jury. The need for disclosure of matters occurring before a Grand Jury to those individuals who are assisting with federal investigations is squarely addressed by Rule 6(e)(3)(A)(ii),[12] Federal Rules of Criminal Procedure. The drafters of this provision declined to include private persons such as Mr. Bennett, but instead limited the rule to "government personnel." *See Proposed Amendments to the Federal Rules of Criminal Procedure: Hearings on H.R. 5864 Before the Subcomm. on Criminal*

*Justice of the House Comm. on the Judiciary,* 95th Cong., 1st Sess. 92 (1977). *See also* S.Rep. No. 354, 95th Cong., 1st Sess. 5–6, *reprinted in* [1977] U.S.Code Cong. & Admin.News pp. 527, 528–30.

The Court is of the opinion, following the reasoning of Chief Judge Seth of the United States Court of Appeals for the Tenth Circuit as expressed in *United States v. Tager,* 638 F.2d 167 (10th Cir.1980), that the government's reliance upon Rule 6(e)(3)(C)(i) for disclosure of Grand Jury records or documents to a private person is misplaced.[13] Accordingly, the government's *ex parte* petition requesting disclosure of matters before the Grand Jury is DENIED.

---

**12.** Rule 6(e)(3)(A)(ii) reads as follows:

Disclosure otherwise prohibited by this rule of matters occurring before the grand jury, other than its deliberations and the vote of any grand juror, may be made to—

. . . . .

(ii) such government personnel (including personnel of a state or subdivision of a state) as are deemed necessary by an attorney for the government to assist an attorney for the government in the performance of such attorney's duty to enforce federal criminal law.

**13.** Tager involved the propriety of a Rule 6(e)(3)(C)(i) disclosure of matters occurring be-

fore a Grand Jury to a private, nongovernmental insurance investigator to enable him to further assist attorneys for the government with an ongoing investigation. The Tenth Circuit panel, reviewing a trial court's denial of the appellant's motion to dismiss the indictment and to suppress certain evidence (which motion was occasioned by the earlier Rule 6(e)(3)(C)(i) ruling allowing disclosure to the investigator), held "that the trial court was without authority under Rule 6(e)(3)(C)(i) to order disclosure to [the insurance investigator] to assist the ongoing grand jury investigation." *United States v. Tager,* 638 F.2d 167, 171 (10th Cir.1980).