UNITED STATES of America,
Plaintiff–Appellee,

v.

David R. BENJAMIN; Philip C. Bourdette; Miriam R. Bourdette; Cecilia Jason Dederich; Dan L. Garrett, Jr.; Elizabeth Missakian; Sybil Schiff; Steven Simon; Dan Sorkin, Defendants–Appellants.

UNITED STATES of America,
Plaintiff–Appellee,

v.

David R. BENJAMIN, Philip C. Bourdette, Miriam R. Bourdette, Cecilia Jason Dederich; Dan L. Garrett, Jr.; Elizabeth Missakian; Steven Simon, Dan Sorkin, Defendants–Appellants.

Nos. 86–1337, 86–1388.

United States Court of Appeals,
Ninth Circuit.

July 14, 1989.

---

Before CANBY, REINHARDT and THOMPSON, Circuit Judges.

This appeal is the result of a Justice Department investigation of the Synanon Church. Nine codefendants are charged in a twenty-two count indictment with conspiracy, concealment of material facts, obstruction of justice and perjury. In *United States v. Benjamin,* 812 F.2d 548 (9th Cir. 1987) (*Benjamin I*), we held that all nine defendants were entitled to an interlocutory appeal from the district court's denial of their motion to dismiss the indictment for violation of a rule prohibiting disclosure of matter before a grand jury. In *United States v. Dederich,* 825 F.2d 1317 (9th Cir. 1987) (*Benjamin II*), we similarly held that eight of the codefendants were entitled to an interlocutory appeal from the district court's denial of a motion to dismiss the indictment due to prosecutorial misconduct. The merits of the case were reached in *United States v. Benjamin,* 852 F.2d 413 (9th Cir.1988) (*Benjamin III*).

The Supreme Court granted certiorari in *Benjamin III,* vacated the opinion of the merits panel and remanded for further consideration in light of *Midland Asphalt Corp. v. United States,* 489 U.S. ——, 109 S.Ct. 1494, 103 L.Ed.2d 879 (1989). In *Midland Asphalt,* the Supreme Court explicitly rejected this court's decision in *Benjamin I* by holding that an order denying a motion to dismiss an indictment for an alleged violation of Fed.R.Crim.P. 6(e) is not an appealable collateral order. *Id.* 109 S.Ct. at 1497. And this court recently held that an order denying a motion to dismiss an indictment on the basis of prosecutorial misconduct is similarly not an appealable

collateral order. *United States v. Schiff,* 874 F.2d 705, 706 (9th Cir.1989).

Accordingly, we hold that we lack jurisdiction over the appeal from the denial of the motions to dismiss the indictment considered in *Benjamin III.* We vacate our previous decisions in *Benjamin I* and *Benjamin III.* We also vacate that portion of our decision in *Benjamin II* that denied the motion to dismiss on appeal 86–1388.

APPEAL DISMISSED.