**In re the NOVEMBER 1992 SPECIAL GRAND JURY FOR the NORTHERN DISTRICT OF INDIANA.**

**No. HM 92–34.**

United States District Court, N.D. Indiana, Hammond Division.

Nov. 5, 1993.

---

Patrick Hansen, Asst. U.S. Atty., U.S. Attorney's Office, Dyer, IN, for the U.S.

## *ORDER*

MOODY, District Judge.

This matter comes before the court upon the United States' *ex parte* motion for an order permitting disclosure of grand jury materials. *See* FED.R.CRIM.P. 6(e)(3)(C)(i). The United States asserts that the November 1992 Grand Jury is investigating "possible criminal improprieties in the billing on government contracts by a major engineering firm." It seeks to provide certain grand jury documents to five members of a private firm that has subcontracted with the Environmental Protection Agency to conduct audits of the subpoenaed documents. The requested disclosure, according to the United States, is "for the sole and limited purpose of aiding and assisting the grand jury in the

instant investigation." The motion is hereby **DENIED**.

▉ The court will not condone the opening of the grand jury investigation to private auditors. It is fundamental that "the proper functioning of grand jury proceedings depends upon their absolute secrecy." *Blair v. Administrator of the Illinois Attorney Registration and Disciplinary Commission,* 942 F.2d 1195, 1198 (7th Cir.1991). This court's local rules recognize that this secrecy extends to "[a]ny document subpoenaed by or presented to a grand jury." Rule CR–5(a), Criminal Rules of the United States District Court, Northern District of Indiana. Rule CR–5 protects precisely the sort of documents that the United States seeks to provide to the private auditors in this case.

Federal prosecutors are by no means left alone to prepare evidence for grand juries in complex cases. Rule 6(e)(3)(A)(ii) provides for disclosure of grand jury materials to

> such *government* personnel (including personnel of a state or subdivision of a state) as are deemed necessary by an attorney for the government in the performance of such attorney's duty to enforce federal criminal law.

FED.R.CRIM.P. 6(e)(3)(A)(ii) (Emphasis added). Rule 6(e)(3)(A)(ii) was added to the Federal Rules of Criminal Procedure in 1977 in recognition of the fact that "[a]ttorneys for the Government in the performance of their duties with a grand jury must possess the authority to utilize the services of other government employees." S.Rep.No. 95–354, 95th Cong. 1st Sess., at 6–7, *reprinted in* 1977 U.S.C.C.A.N. 527, 530. Congress thus recognized that "[t]here is no reason for a barrier of secrecy to exist between the facets of the criminal justice system upon which we all depend to enforce the criminal laws." *Id.* In 1985, the rule was expanded to encompass state and municipal employees because "[i]t is clearly desirable that federal and state

authorities cooperate, as they often do, in ... various ... situations where federal and state criminal jurisdictions overlap." FED. R.CRIM.P. 6(e)(3)(A)(ii) advisory committee's note (1985 amendment).

Congress did not include non-governmental employees when it crafted the sub-section (A)(ii) exceptions to non-disclosure of grand jury materials. The United States now seeks that inclusion by this court's order. This case thereby squarely presents the question of whether sub-section (C)(i) can be used to further open up the class of individuals to whom grand jury materials can be disclosed in the course of developing a grand jury investigation. The court holds that sub-section (C)(i) cannot be so used.

Sub-section (C)(i) states:

> Disclosure otherwise prohibited by [Rule 6(e)] of matters occurring before the grand jury may also be made when so directed by a court preliminarily [*sic*] to or in connection with a judicial proceeding.

FED.R.CRIM.P. 6(e)(3)(C)(i).[1] Although "[n]either the text of the Rule nor the accompanying commentary describes any substantive standard governing issuance of [Rule 6(e)(3)(C)(i)] orders," the United States Supreme Court has "described the standard in detail":

> 'Parties seeking grand jury [materials] under Rule 6(e) must show [1] that the material they seek is needed to avoid a possible injustice in *another* judicial proceeding, [2] that the need for disclosure is greater than the need for continued secrecy, and [3] that their request is structured to cover only material so needed....'

*United States v. Sells Engineering, Inc.,* 463 U.S. 418, 442–43, 103 S.Ct. 3133, 3147–48, 77 L.Ed.2d 743 (1983) (quoting *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 222–23, 99 S.Ct. 1667, 1674–75, 60 L.Ed.2d 156 (1979)) (Emphasis added). The United

---

1. One district court has reasoned that whereas a grand jury proceeding is preliminary to a judicial proceeding, as required under sub-section (C)(i), disclosure to a private auditor only to facilitate a government investigation is itself preliminary to that preliminary proceeding. *In re Disclosure of Grand Jury Material,* 645 F.Supp. 76, 79 (N.D.W.Va.1986). Such disclosure, the court

concluded, is unacceptable as "one step removed from the disclosure contemplated by the Rule." *Id.* As will be discussed in the text, such disclosure requests—made in the course of the same grand jury proceeding in which the information was collected—are, in fact, at least two steps removed from those contemplated by the rule.

States has failed to meet its burden with regard to either of the first two of these requirements.

■ First, the United States here seeks disclosure in the same grand jury proceeding in which the materials were gathered. "The grand jury proceedings themselves from which information is sought to be revealed are not the 'judicial proceedings' contemplated by Rule 6(e)(3)(C)(i)." *United States v. Tager*, 638 F.2d 167, 171 (10th Cir.1980) (refusing to disclose grand jury materials to non-governmental insurance inspector so that he could aid government officials in their investigation). This reading is consonant with the Supreme Court's construction of sub-section (C)(i) to require a showing of injustice "in *another* judicial proceeding." *See Sells Engineering, Inc.*, 463 U.S. at 442–43, 103 S.Ct. at 3148 (Emphasis added); *Blair*, 942 F.2d at 1198. That Supreme Court construction of sub-section (C)(i) authorizes district courts to disclose grand jury materials only where those materials are necessary to an altogether different proceeding. This precludes the use to which the government attempts to put sub-section (C)(i) in this case, *i.e.* to judicially expand the class of persons who may assist federal prosecutors in carrying out their grand jury duties beyond that legislatively expressed in sub-section (A)(ii).[2]

■ Further, the United States has not shown that it seeks disclosure to the private auditors in order to avoid injustice. The United States' motion states that the private auditors' "receiving, reviewing, and auditing grand jury material in conjunction with the agents of the Environmental Protection Agency will be of great value in conducting this criminal investigation." This falls far short of demonstrating that *any* "injustice" will result from government auditors going it alone.

■ In this same context, the United States has also utterly failed to carry its burden with regard to the second of the requirements for a sub-section (C)(i) order: that is, to show that the need for disclosure to the private auditors outweighs the privacy interests that presumptively cloak grand jury materials. *See Sells Engineering*, 463 U.S. at 442–43, 103 S.Ct. at 3147. The burden here is heavy. "[T]he secrecy of the grand jury proceeding will not be broken except where the party seeking disclosure can show a 'compelling necessity' or 'particularized need.'" *Blair*, 942 F.2d at 1198. The United States' argument that disclosure to the private auditors in this case would be "of great value" to the grand jury's investigation does not constitute such compelling necessity or particularized need. Moreover, it certainly does not outweigh the investigated party's right against having the fact of the grand jury investigation against it disclosed to members of the public prior to any indictment. *See id.* ("[P]erhaps most fundamentally, by preserving the secrecy of [grand jury] proceedings, we assure that persons who are accused, but exonerated, by the grand jury will not be held up to public shame or ridicule.")

The United States has failed to show either (1) that denial of its motion will result in any injustice in another proceeding, or (2), that granting its motion will not, in the balance, damage the privacy rights of the investigated party more than it will benefit the grand jury's investigation. With regard to the first of these failures, the court notes

---

2. *Tager* has been narrowed by subsequent cases. Specifically, it has been held not to apply to cases in which the party to whom the government seeks disclosure will be testifying as an expert before the grand jury rather than merely assisting in the government's investigation. *See United States v. Anderson*, 778 F.2d 602, 605 (10th Cir.1985); *see also United States v. Benjamin*, 852 F.2d 413, 418–19 (9th Cir.1988), *vacated on jurisdictional grounds* 879 F.2d 676 (9th Cir.1989); *United States v. Mayes*, 670 F.2d 126, 129 (9th Cir.1982). These cases are premised, at least in part, on the expeditiousness and reliability of familiarizing the expert witness with the case *via* disclosure rather than by cumbersome hypothetical questions. *See Mayes*, 670 F.2d at 129. The United States Court of Appeals for the Seventh Circuit has not taken up this question and this case—in which there is no allegation that any of the five private auditors will testify as expert witnesses before the grand jury—does not present it. The court does note that the distinction the cases draw—correct or not—is not inconsistent with the court's holding here: that is, that sub-section (C)(i) cannot be used to judicially expand the limitations on who may assist prosecutors in their investigations as particularly set out in sub-section (A)(ii).

that it will not judicially expand the class to whom federal prosecutors may turn for help in executing their grand jury duties. To do so would be to don a legislative mantle that ill-fits this, or any, court.

**SO ORDERED.**